Citation Nr: 1504687 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 03-08 063 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for residuals of a ganglion cyst of the right wrist status post removal, to include as secondary to the Veteran's service-connected status post stab wound residuals and associated scar of the right wrist. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Patricia Veresink


INTRODUCTION

The Veteran served on active duty from December 1969 to April 1975. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

The Veteran testified at a videoconference hearing in December 2013. A transcript of that hearing has been associated with the claims file.

The case was remanded by the Board in May 2014 to obtain an addendum opinion regarding the etiology of Veteran's ganglion cyst. The opinion was provided in August 2014. A review of the record indicates that the Board's directives were substantially complied with. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The preponderance of the evidence shows that the Veteran's residuals of a ganglion cyst of the right wrist status post removal were not present in service or until many years thereafter and is not related to service.

2. The preponderance of the evidence shows that the Veteran's residuals of a ganglion cyst of the right wrist status post removal are not causally or etiologically related to or aggravated by the Veteran's service-connected status post stab wound residuals and associated scar of the right wrist.


CONCLUSION OF LAW

The criteria for service connection for residuals of a ganglion cyst of the right wrist have not been met. 38 U.S.C.A. §§ 1110, 1154(a), 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA), codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107 and 5126 (West 2002) and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2010), VA has a duty to notify the claimant of any information and evidence needed to substantiate and complete a claim, and of what part of that evidence is to be provided by the claimant and what part VA will attempt to obtain for the claimant. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1).

The record shows that through a VCAA letter dated February 2012, VA's notice requirements were met with respect to the issues addressed in this decision. The VCAA letters were received prior to the most recent adjudications by the RO, which cures any timing deficiency. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

The Board also finds that there has been compliance with the VCAA assistance provisions. The record in this case includes service treatment records, private treatment records, VA examination reports, VA treatment records, Social Security records, and lay evidence. The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide the case, and no further action is necessary. See generally 38 C.F.R. § 3.159(c). No additional pertinent evidence has been identified by the Veteran.

The Veteran was afforded a VA examination in March 2012 and in August 2014. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4). The Board notes that the examiner was provided with an accurate history, the Veteran's history and complaints were recorded, and the examination report sets forth detailed examination findings. Therefore, the examination report is adequate to decide the claim. Thus, further examination is not necessary regarding that issue.

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. During the hearing, the Veteran was assisted at the hearing by an accredited representative from the Veterans of Foreign Wars of the United States. The undersigned explained the issue on appeal and sought testimony from the Veteran regarding the manifestations and causality of his disability. The undersigned also solicited information on the availability of any additional relevant evidence for development. Neither the representative nor the Veteran has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that, consistent with Bryant, the undersigned complied with the duties set forth in 38 C.F.R. § 3.103(c)(2).

Service Connection - Ganglion Cyst

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F. 3d 604 (Fed. Cir. 1996) (table). 

Service connection may be granted for disability which is proximately due to or the result of service-connected disability. 38 C.F.R. § 3.310(a). Additional disability resulting from the aggravation of a nonservice-connected disability by a service-connected disability is also compensable under 38 C.F.R. § 3.310(a). Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77. 

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the appellant or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claims and what the evidence in the claims file shows, or fails to show, with respect to the claims. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

The Veteran is not shown to possess any medical expertise and therefore any medical opinions he asserts are not of significant probative value. He is competent to report his symptoms, but his current assertions do not indicate anything more than a broad and vague statement that his current disabilities are causally related to another service-connected disability or an incident in service.

Service treatment records are silent regarding any treatment, diagnosis, or complaint of a cyst during service. The records show a stab wound to the right wrist in May 1971 that extended to the bone through the muscle. The separation report of medical examination in March 1975 shows clinically normal upper extremities. 

Neither the evidence of record nor the Veteran's lay assertions indicate that the Veteran's cyst had its onset during service. Rather, the Veteran asserts that his ganglion cyst, which was removed in 1980, was causally related to the stab wound treated during service. 

The Veteran was afforded a VA examination in March 2012. The examiner performed a medical examination and provided a nexus opinion. He noted that the Veteran's cyst is less likely than not proximately due to or the result of the Veteran's service-connected conditions. The Veteran's bones and joints were normal in 1971. He did not report any numbness, tingling, or impaired motion of the hand prior to his discharge almost two years later. The evidence contained no documentation of residual problems at separation. Additionally, the examiner noted that the ganglion cyst was on the ventral aspect of the forearm extending distally to the ventral wrist, whereas, the trauma in service was to the dorsal aspect of the wrist and at the time was negative for extensive injury or damage to the artery, nerve, or bone.

Another nexus opinion was obtained in August 2014. The examiner noted that the condition claimed is less likely than not proximately due to or the result of the Veteran's service connected condition. The examiner stated as follows:


Review of the veteran's service treatment records , operative 
report years later of excision of ganglion cyst, and review of noted medical literature below does not support at 50% or more that the ganglion cyst the veteran developed years later was related to the stab wound or infection the veteran had in this right wrist . This is based upon the consensus found in reviewed of medical literature noting that the etiology of ganglion cysts is unknown with lack of supporting medical literature that establish the etiology of ganglion cysts related to trauma. Additionally, medical literature notes that the area in which the veteran had his ganglion cyst is in fact the most overwhelmingly common site of ganglion cysts. There is no documentation found in the currently available medical evidence in which the surgeon or a neurologist opines that the veteran's ganglion cyst was related 
to his service injury.

The examiner went on to cite medical literature showing that "These cystic swellings occur frequently on the hands, especially on the dorsal aspect of the wrist (Fig. 52-17). Ganglion cysts are common and make up approximately sixty percent of all soft tissue tumors affecting the wrist and hand. They usually develop spontaneously in adults between 20 and 50 years of age, with a female-to-male ratio of 3:1." Roberts and Hedges' Clinical Procedures in Emergency Medicine, 6th ed. Chapter 52: Treatment of Bursitis, Tendonitis, and Trigger Points. He also noted that "The etiology of ganglia remains obscure; there is usually no history of trauma." Parmelee-Peters K, Eathorne SW: The wrist: common injuries and management. Prim Care 2005; 32:35.

The August 2014 examiner continued his opinion, again concluding that the condition claimed is less likely than not proximately due to or the result of the Veteran's service connected condition. The Veteran's ganglion cyst excision residuals, including scarring, began after service and are not related to military service. The stab wound to the wrist with scar occurred prior to the residuals of ganglion cyst excision and surgical scar so no baseline of condition existed prior to the Veteran's service stab wound and scar. Regardless of an established baseline, the Veteran's condition was not at least as likely as not aggravated beyond its natural progression by the stab wound. There is no evidence based upon VA clinical exams of November 2013 and June 2009, as well as private medical records currently available in VBMS, that the Veteran's service connected scar and stab wound have any residual that aggravates the Veteran's residual of ganglion cyst excision and the associated surgical scar from the ganglion cyst.

The Board finds that the negative findings at separation from service, the nexus opinion provided by the VA examiner, and the cited medical literature are substantially more probative than the Veteran's lay assertions that his cyst is related to trauma during service. Accordingly, the preponderance of the evidence is against the claim, and service connection for residuals of a ganglion cyst is denied. 

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b) (West 2002); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).
 

ORDER

Entitlement to service connection for residuals of a ganglion cyst of the right wrist status post removal, to include as secondary to the Veteran's service-connected status post stab wound residuals and associated scar of the right wrist, is denied.



____________________________________________
L. M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs